## COMMONWEALTH *vs.* ABBY A. GODDARD.

An indictment for obtaining an exchange of property by false pretences must allege in distinct terms that the defendant delivered to the person who was defrauded the property respecting which the false pretences were made, and that the latter received the same, and delivered other property in exchange therefor, and that he was induced to do so by reason of the false pretences alleged.

THE indictment in this case, which has already been twice before this court on exceptions, (14 Gray, 402; 2 Allen, 148,) charged that the defendant, at a time and place named, and with unlawful intent, falsely pretended to William R. Huston that a certain promissory note for $500, dated May 25, 1859, and purporting to be signed by R. W. Blackwell, " then and there produced by the said Abby A. Goddard and offered by her to the said William R. Huston in exchange for five hundred dollars, was a good and valid promissory note," and that it was signed by Blackwell, who was rich, and lived in Boston, and had a place of business on India Wharf; " and the said William R. Huston, then and there believing the said false pretences and representations so made as aforesaid by the said Abby A. *Gardner*, and being deceived thereby, was induced by reason of the false pretences and representations so made as aforesaid to deliver and did then and there deliver to the said Abby A. Goddard his, the said William R. Huston's check," for $500, which the said Goddard received ; and that the promissory note was not signed by Blackwell, and Blackwell was not rich, did not live in Boston, and had no place of business on India Wharf.

After the exceptions taken upon the second trial were overruled, the defendant moved in arrest of judgment, assigning amongst other reasons that the indictment did not allege that the defendant delivered to Huston the note described, or that he received the same from her, or that he gave to her the check in exchange therefor. This motion was overruled in the superior court, and the defendant appealed to this court.

*W. L. Burt,* for the defendant.

*Foster*, A. G., for the Commonwealth.

DEWEY, J. As the strict rules applicable to indictments for cheating by false pretences are to be applied to the present case, the motion in arrest of judgment must prevail. The cases of *Commonwealth* v. *Strain*, 10 Met. 521, *Commonwealth* v. *Lannan*, 1 Allen, 590, and *State* v. *Philbrick*, 31 Maine, 401, will be found to require as an essential part of an indictment for false pretences as to an article which is the subject of a proposed exchange or sale, that such exchange or sale should be alleged in the indictment to have taken place in consequence of the false pretences.

In the opinion of the court, the present indictment is defective, inasmuch as it fails to allege that the defendant delivered to Huston the note, and that he received the same, or that the defendant by said false representations as to the note described induced Huston to receive the note, and that he did receive it, and did then and there deliver to the defendant his check or order for $500. *Judgment arrested*